Attorneys—R. W. Halliday, Cleveland, for Halliday.

· No. 627

GARDNER et v. KERN

No. 19834. Supreme Court

On motion to certify. Dock. May 21, 1926.

389. DESCENT AND DISTRIBUTION— Where a testator prior to his death executed a will and certain deeds in conjunction with each other and by deed conveyed certain real estate to his son who died before taking does the wife of the deceased son take the property in fee by virtue of the deed or does she have a life estate in accordance with the laws of descent and distribution?

This action was brought originally in the Sandusky Common Pleas by Lottie Kern against the members of the immediate family of George Kern deceased to quiet title in a certain piece of real property.

It appears that George Kern executed a will and concurrently therewith certain deeds by which he provided for the distribution of his property after his death. By one of the deeds a certain farm, which is now in question was conveyed to his son the now deceased husband of Lottie Kern. Certain reference was made to this transaction in the will.

Kern contended that the farm should pass to her under 8514 GC., on the theory that the property was acquired by her husband by purchase.

The judgment of the Common Pleas in favor of Kern was rendered as a result of the rejection of documentary evidence in an attempt to reform the deed in accordance with the purchase and intent of the entire transaction.

This judgment was affirmed by the Appeals, it being held that the documentary evidence was not admissible except to show whether the consideration had been paid but not for the purpose of effecting the title.

The heirs contend that the court erred in refusing to allow the introduction of documentary evidence to prove that it was the purpose and intent of the testator, that the property in question should pass as ancestoral property.

Attorneys—Miller, Brady, Yager & Leidy, Toledo, for Pltf.; Parkhurst & Vickery, Bellevue, for Deft.

No. 628

BRIGGS v. GILBERT GROCERY CO.

No. 19843. Supreme Court

Certified for Conflict. Dock. May 26, 1926; 4 Abs. 358.

313. CORPORATIONS—May the officers and directors of a corporation increase their salaries and vote to execute contracts in which they are personally interested?

William Briggs brought this action originally in the Scioto Common Pleas against the Gilbert Grocery Company to recover an alleged balance due on his salary and a certain amount claimed to be due under a contract.

It appears that Briggs was an officer and director of the Grocery Company and while so employed the officers and directors of said Company voted to increase their salaries and provided for special compensation under certain contracts.

The Company in its answer admitted the resolution but sets up the defense that the same was unlawful and unreasonable. The judgment of the Common Pleas in favor of Briggs was reversed by the Court of Appeals.

The judgment and opinion of the Court of Appeals is in conflict with 12 Ohio App., 55, which case held that the contracts complained of and resolutions increasing the salaries of officers and directors were not void unless fraud or unfair dealing to the stockholders were committed thereby.

Attorneys—Briggs & Briggs, Cleveland, and E. C. Millar, Portsmouth, for Briggs; Bannon & Bannon, Portsmouth, for Company.